REED v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   January 9, 1903.)

1. SEVERANCE OF ACTION—WAIVER OF OBJECTION.

An order for a severance of an action, reciting that it was made against the opposition of defendant R., does not, by the further recital that it is ordered, on consent of both parties, that the issues between plaintiff and R. be tried before a certain judge, show a waiver by R. of his opposition to the severance.

2. RES JUDICATA.

Judgment in an action by T. against an insurance company and the children of B. on a policy on the life of B., payable to B. or his estate, and assigned as security to T. under an agreement relating to this and other policies,—said judgment determining the rights of T.'s and B.'s children in the policy under the agreement,—is not res judicata in an action by T. against said children and another company on a policy of the latter company, on B.'s life, payable to "T., creditor of B.," and not in existence when said agreement was made, but issued after failure of the companies issuing policies covered by the agreement.

3. JOINDER OF PARTIES—SEVERANCE OF ACTION.

An order making certain persons defendants in an action on an insurance policy on the ground that they had an interest in the action does not prevent an order at the trial severing the action, so that there shall be one trial between plaintiff and the insurance company, and another between plaintiff and such defendants.

4. SEVERANCE OF ACTION.

In an action on an insurance policy, the issues between plaintiff and the insurance company being whether the policy was issued to plaintiff and the premiums were paid, whether he was a creditor of B., on whose life the policy was issued, and whether the policy was due by the death of B., and the other defendants by their answer claiming a reformation of the policy and the payment of the amount thereof to them, it is error to sever the action, so that the company shall not be heard on the claim of the other defendants, and they shall not be heard at the jury trial on the right of plaintiff to any recovery.

Appeal from trial term, Rockland county.

Action by Theodore F. Reed against the Provident Savings Life Assurance Society of New York and others.   Judgment for plaintiff. Defendants appeal.   Reversed.

Notice was given of intention to bring up for review the order made herein severing the action between the plaintiff and the defendants Reed and Davidson from the action between the plaintiff and the said defendant; also an appeal by the defendants Reed and Davidson from the same judgment; also an appeal by defendants Reed and Davidson from a judgment in favor of the plaintiff entered upon a decision made at Rockland special term.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

William T. Gilbert, for appellant Provident Sav. Life Assur. Soc.
George Richards, for appellants the Reed children.
W. H. Van Steenbergh and E. G. Bullard, for respondent.
E. T. Lovatt, for his lien.

GOODRICH, P. J.   There are three appeals in this action,—one from a judgment entered upon a verdict in favor of the plaintiff and against the defendant corporation on a policy of life insurance,

for the amount of such policy; another from a judgment rendered upon a decision at special term in favor of the plaintiff and against the children of the insured, who claimed to be the owners of the insurance fund; and a third, by the said children from the first-mentioned judgment. On a former appeal from a judgment for the defendant corporation, we reversed the judgment; the opinion being written by Mr. Justice Cullen. 36 App. Div. 250, 55 N. Y. Supp. 292. The allegations of the complaint and answer of the defendant corporation, the intervention of the Reed children, and their answer and the substantive facts, are so fully stated in that opinion that it would be unnecessary to refer to them here, except for the reason that the defendant's counsel asserts that "the facts on this trial show a different state of affairs." I shall, however, only supplement the statement of fact in Mr. Justice Cullen's opinion with a reference to such additional facts as are necessary to our consideration of the present appeal.

The action was originally brought in September, 1896, by the plaintiff against the defendant corporation, to recover the amount of its policy of insurance issued in July, 1889, whereby "it promised to pay to Theodore F. Reed, creditor of Benjamin F. Reed [the beneficiary under this policy]," upon the death of Benjamin, the sum of $10,000. Benjamin died in February, 1896. In May, 1897, the corporation appeared and served its answer, and in April, 1899, an amended answer, each of which appears in the record. These answers denied insurable interest in the plaintiff, and alleged that he falsely represented that he was a creditor of Benjamin, and thereby obtained the policy in suit; that in September, 1887, the plaintiff, the said Benjamin, and his five grandchildren made an agreement whereby the plaintiff, for a valuable consideration, agreed to procure $25,-000 of insurance on the life of Benjamin, and to pay all premiums thereon, and that out of the proceeds of said insurance, when collected, the children should pay the plaintiff all premiums, with interest, and $5,000 in addition, the balance of the proceeds to be for the benefit of the children; and thereafter that the plaintiff fraudulently procured to be signed by Benjamin two promissory notes,—one for $6,250 and the other for $2,050,—and an agreement whereby Benjamin agreed to repay to the plaintiff any sums which he might pay for premiums, with interest. About the same time a motion was made by the children of Benjamin for an order that they be made parties defendant, on the ground that they had an interest in the action, and such order was granted. They appeared and answered, denying that the plaintiff was a creditor to the extent claimed by him, and alleging that they were the real beneficiaries under the policy, and praying for a reformation thereof, and an injunction restraining the plaintiff from collecting, and the defendant corporation from paying to him, the amount of the policy. This order was made before the first trial, and was in force at the time of the last trial, at which, after the impaneling of the jury and after some evidence had been introduced, the court ruled that the only question of fact in the case was whether the plaintiff had an insurable interest; that the children must claim their rights through him; that, if the plaintiff

recovered, the children could bring their action against him; and that the money might be held to await that decision. The record contains an order, entered as of November 26, 1900, reciting that when the action came on for trial, on November 12th, the trial justice "having, on his own motion, withdrawn from the consideration of said jury all the issues raised in this action, except the issues raised by the complaint and the amended answer of the defendant society, and said issues having thereupon been tried, and the jury, upon the direction of the court, having rendered a verdict for the plaintiff and against the defendant society, and the court having directed that the issues raised between the plaintiff and the other defendants, being equitable in their nature, be severed from those already disposed of, and be separately tried before Hon. Josiah T. Marean," etc., and directed that the issues between the plaintiff and the Reed children "be, and they are hereby, severed from the issues between the plaintiff and the defendant society. And it is further ordered, on consent of both parties, that the said last-mentioned issues be tried before said justice, sitting without a jury,. at the courthouse in Kings county, on the 26th day of November, 1900." On that day the trial of the issues between the plaintiff and the Reed children was had. There also appears in the record another order, entered nunc pro tunc for the previous order, which recites that the previous order was inadvertently drawn as "severing issues," instead of one "severing the action," and amending it accordingly. Both of these orders recite that they were made against the opposition of the Reed children. It is true that these orders recite that, on consent of both parties, the trial of the Reed children issues was directed to be had before the justice, but that cannot be held as a waiver by the Reed children of their opposition to the severance of the issues or the action. And in their notice of appeal they state their intention to bring up those two orders for review.

The evidence produced at the trial of the issue between the plaintiff and the insurance society was the agreement between Benjamin and the plaintiff, referred to in our previous opinion; the several policies named in the agreement; the payment by the plaintiff of about $2,000 of premiums on the policies, including the one in suit; a tender to the defendant on Saturday, January 12, 1895, between 1 and 2 o'clock, of the premium due that day; the company's refusal to accept it, on the ground that Saturday afternoon was a half holiday; the renewal of the tender on Monday following; the refusal of the company to receive it; the application to the company by the plaintiff in April, 1896, after Benjamin's death, for blank proofs of loss; the sending of such blanks by the company, with the statement that the policy had become null and void for the nonpayment of the premium on January 12, 1895; and the furnishing of proofs of death on the company's blanks. The plaintiff's counsel stated that the amount claimed was the $10,000, with interest, less the premiums due the company; the amount being $12,-227.67. The counsel of the company moved to dismiss on the ground that it was not shown that the policy was in force at the death of Benjamin, that the relation of debtor and creditor had not been shown, and that the premiums had not been paid at the time they were due.

The motion was denied, and the defendant excepted. The court said to plaintiff's counsel:

"I understand you to stipulate that nothing in the adjudication of this action shall bind as between you and your clients and Mr. Richards' clients. I will strike him out of the action as a party."

Mr. Lovatt, for plaintiff, replied:

"I am willing that, if a judgment is found in our favor here, that the money shall abide the action to be brought by Mr. Richards on behalf of his clients against us, alleging all that he claims now."

Counsel for the company then offered evidence as to the transactions between the plaintiff and Benjamin, and to show that the agreement between them was procured by fraud. This evidence was excluded, and exception was taken. The company then offered in evidence the judgment roll in the case of the present plaintiff against the Massachusetts Benefit Life Assurance Association and the Reed children, defendants, as constituting res judicata upon the question of the rights of the Reed children in the present policy. The court excluded the evidence, and defendant excepted.

In the view which we take of the appeal, and the probability of a new trial being had without further appeal, it may be well to say that, in our opinion, the judgment in the Massachusetts Benefit Life Assurance Case was not res judicata. While the parties between whom the litigation arose were the same, the subject-matter (that is, the policies) was different. The Reed children might have been the owners of one policy, and not of the other. The terms of the policy and the beneficiaries therein were different. At the date of the alleged agreement between the plaintiff and the Reed children, the present policy was not in existence. It does not follow, necessarily, because it was taken out after the failure of one of the companies issuing policies covered by the agreement between the plaintiff and Benjamin, or between the plaintiff and the Reed children, that the parties had the same rights therein. We do not think, upon the issue between the plaintiff and the corporation, that it was improper, under the evidence as it then existed, to exclude the judgment roll.

The plaintiff moved for the direction of a verdict for the sum above named; the defendant asked permission to go to the jury on the question of what the contract was between the plaintiff and the Reed children; and the court denied the motion, and directed a verdict for the plaintiff for the amount claimed, to all of which the defendant corporation excepted, and now brings this appeal. Judgment was entered on November 15th.

At the threshold we are met with the question of the propriety of the order severing the action. The corporation contends that as the Reed children had been made parties defendant by order of the court, and no appeal had been taken therefrom, it was of binding force at the trial, and that the order severing the action in effect nullified it. It may be conceded that the original order was in force, but that order had no other or greater effect than to make the Reed children parties defendant, just the same as if they had been originally made parties defendant. The order did not control the subsequent proceedings, such as the framing of issues, or the methods of trial. The severance

of the action did not nullify the order making the Reed children parties defendant.

One difficulty arises from the fact that it does not appear by the record that the order for severance, either of the issues or of the action, was entered at the time of the trial. The correct practice is fully pointed out in the Code of Civil Procedure. Section 1220, cited by the plaintiff, only relates to cases where there is an issue of law, such as a demurrer, and also an issue of fact. There is no issue of law here. There are two issues of fact,—one between the plaintiff and the defendant corporation, which, under section 968, is triable by a jury; the other an issue in the nature of equity between the plaintiff and the other defendants, the Reed children, triable by the court. By section 967 a separate trial between the plaintiff and one or more defendants of some or all the issues of fact, or a change in the order of disposition of the issues, may be directed by the court, in its discretion; and such direction may be given in a motion made upon notice, or by the judge holding the term, where those issues are regularly upon the calendar for trial, either with or without the entry of an order. Section 969 provides that, where there is an issue of fact not necessarily triable by a jury, such issue must be tried by the court, unless a reference or a jury trial is directed; and section 970 provides that in such a case a party may apply, upon notice to the court, for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly, and that the subsequent proceedings are the same as where questions arising upon the issues are stated for trial by jury in a case where neither party can as of right require such trial. Section 971 provides that, where a party is not entitled as of right to a trial by jury, the court may, in its discretion, upon the application of either party, or without application, direct that one or more questions of fact arising upon the issue be tried by a jury, and may cause those questions to be distinctly and plainly stated for trial accordingly. Section 972 provides that, if the questions directed to be tried by a jury as prescribed in the last two sections do not embrace all the issues of fact in the action, the remaining issues of fact must be tried by the court or by a referee. Section 1205 provides that where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment or require the plaintiff to take judgment against one or more of the defendants, and direct that the action be severed, and proceed against the others as the only defendants therein. In the present action no motion was made on notice, under any of these sections, for any particular disposition of the issues, or for the framing of issues. At the trial the court, of its own motion, directed the trial by the jury of the issue between the plaintiff and the defendant corporation, and a subsequent trial at special term of the issues between the plaintiff and the Reed children. The course pursued has resulted in a judgment against the defendant corporation for the amount of the policy, no matter who was the owner of or interested in it. The later trial has decided the issue of ownership between the plaintiff and the Reed children in favor of the plaintiff. The corporation con-

tends that the judgment on the verdict might have been followed by a judgment on a decision at special term that the Reed children were the owners of the policy, and so a judgment might have been entered in their favor against the corporation. But no such result has followed. It may also be said that, if the anxiety of the corporation was simply to provide against a double recovery, it might have had interpleader, and been discharged of that liability.

We come now to a consideration of the judgment on the trial at special term of the issue between the plaintiff and the Reed children, which, briefly stated, was whether the policies had been taken out by the plaintiff in pursuance of an agreement with Benjamin Reed and his children. Upon this question there was contradictory evidence, and the judgment roll in the Massachusetts Assurance Case was admitted in evidence; but there was evidence sufficient to support the finding of the court, as against the Reed children, that there was no such contract as was alleged by them. The court also found that the plaintiff was a creditor of Benjamin, and as such obtained the policy in suit, and paid all the premiums thereon. It decided, as matter of law, that the plaintiff was the absolute owner of the policy in his own right, as against the children, and entitled to judgment on the issue tried before it. The difficulty, however, is in the method of trial. All the parties were entitled to participate in the trial of any and all of the issues raised by the pleadings. As between the plaintiff and the corporation, the issue was whether the policy was issued to the plaintiff and the premiums paid, whether he was a creditor, and whether the policy was due by reason of the death of Benjamin. But this issue did not stand alone. In their answer the Reed children claimed a reformation of the policy, and the payment of the amount to them. On this claim the corporation was entitled to a hearing, which has been denied it. On the other hand, the Reed children were entitled to be heard at the jury trial on the question of the right of the plaintiff to any recovery, and on that claim they have not had their day in court.

We have referred to the provision of the Code which regulates the practice in cases like the present, for the reason that the parties may see fit to apply at special term for relief under them. We do not intimate whether or not it is too late for such an application, or what order should be made therein. We are of opinion that there has been a mistrial of both issues, which requires a reversal of the judgments. The order of severance of the action must also be reversed.

Judgments reversed and new trial granted; costs to abide the event. Order of severance reversed, without costs. All concur.